**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

THOMAS FEELEY and
DIANE FEELEY

CA 08 175
Case No.

v.

(Providence Superior Court,
Civil Action No. PC-08-0836)

BUFFALO PUMPS, INCORPORATED
GARLOCK SEALING TECHNOLOGIES, LLC as successor
by merger to GARLOCK INCORPORATED f/k/a
GARLOCK CORPORATION
GENERAL ELECTRIC COMPANY
PACKINGS & INSULATIONS CORPORATION
PIC CONTRACTORS, INCORPORATED
TACO, INCORPORATED
VIAD CORPORATION for GRISCOM RUSSELL

**DEFENDANT BUFFALO PUMPS, INC.'S NOTICE OF REMOVAL**
**OF ACTION UNDER 28 U.S.C. § 1442**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, Buffalo Pumps, Inc. ("Buffalo Pumps") in the above-captioned action, hereby files its Notice of Removal of the state court action filed by Plaintiffs Thomas Feeley and Diane Feeley, described below to this Court pursuant to 28 U.S.C. § 1442:

## I. BACKGROUND

1. Plaintiffs filed their Complaint, Civil Action No. PC-08-0836, in the Rhode Island Superior Court of Providence County on February 13, 2008.[1] Buffalo Pumps received service of the Complaint on February 27, 2008. Plaintiff's Complaint alleged exposure "beginning in the 1960s… occurring through his service in the U.S. Navy and his work as a plant worker with the

[1] Plaintiffs simultaneously filed a second action in the Rhode Island Superior Court of Providence County, C.A. No. PC-08-0835 against an additional 47 defendants for alleged personal injury arising from exposure to asbestos.

Gould/Allied Control in Plantsville, Connecticut and Pratt & Whitney Aircraft in North Haven, Connecticut." *See* copy of Complaint, annexed hereto as **Exhibit 1**, at Paragraph 5.

2. On February 20, 2008, Plaintiff served Buffalo Pumps with Responses to Defendants' Interrogatories and Requests for Production, a copy of which is annexed hereto as **Exhibit 2**. On April 8, 2008, Plaintiff served Buffalo Pumps with Supplemental Responses to Defendants' Requests for Production, a copy of which is annexed hereto as **Exhibit 3**.

## II. FEDERAL OFFICER REMOVAL IS APPROPRIATE UNDER 28 U.S.C. § 1442 (a)

3. Buffalo Pumps is entitled to remove this action because (1) it has a colorable federal defense to the Plaintiff's claims; (2) there is a causal nexus between Plaintiff's claims and Buffalo Pumps' actions taken at the direction of the Navy; and (3) it is a person who acted under the direction of the Navy within the meaning of 28 U.S.C. § 1442(a)(1). *See Mesa v. California*, 489 U.S. 121 (1989); *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), *citing U.S. v. Varig Airlines*, 467 U.S. 797, 814 (1984).

4. Plaintiff's Disclosure Form indicates that this case is removable. This Notice of Removal is timely because it is being filed within 30 days after Buffalo Pumps received service of the first "paper" within the meaning of U.S.C. §1446(b) from which Buffalo Pumps could determine that the case is removable, namely Plaintiff's Supplemental Responses to Defendants' Requests for Production, received by Buffalo Pumps on April 8, 2008.

5. Buffalo Pumps manufactured and supplied pumps for Navy ships pursuant to vessel-specific contracts between it and the United States Navy. *See* Affidavit of Rear Admiral Roger B. Horne, Jr. ("Horne Affidavit"), attached hereto as **Exhibit 4** and Affidavit of Martin K. Kraft ("Kraft Affidavit") attached hereto as **Exhibit 5**.

6. Buffalo Pumps is a "person" within the meaning of 28 U.S.C. § 1442(a). *See Green v. A.W. Chesterton Co.*, 366 F. Supp. 2d 149, 153 n.3 (D. Me. 2005); *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998) (corporate entities qualify as "persons" under § 1442(a)(1); *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992).

7. Buffalo Pumps has a colorable federal defense to Plaintiff's claims, namely, the military contractor defense. To make a colorable showing of this defense Buffalo Pumps must simply show that the defense is "plausible" and not "completely frivolous." *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996).

8. In a case premised on a failure to warn of dangers allegedly associated with products supplied to the government, a defendant is entitled to the protections of the military contractor defense where any alleged state law duty to warn conflicts with the government's interest in procuring military equipment. Whether a conflict exists is determined by a three-part test set forth by the Sixth Circuit in *Tate v. Boeing Helicopters*, 55 F.3d 1150 (6th Cir. 1995). A conflict between federal policy and state law exists where: (1) the United States exercised its discretion and approved the warnings, if any; (2) the contractor provided warnings that conformed to the approved warnings; and (3) the contractor warned the United States of the dangers in the equipment's use about which the contractor knew, but the United States did not. *Id.* at 1157. "[T]he deliberate trade-off between military mission requirements and safety concerns is at the heart of the [military] contractor defense." *Oliver v. Oshkosk Truck Corp.*, 96 F.3d 992, 999 (7th Cir. 1996).

9. It is difficult to imagine any area in which the Navy had either a greater discretionary interest or more detailed knowledge and expertise than that of asbestos during World War II and the decades that followed. During that time, the Navy embarked on a program

of shipbuilding unparalleled in history before or since. The Navy and its contractor shipyards constructed thousands of vessels of unprecedented size and complexity. The vessels were designed and constructed under to strict Navy direction and control, exercised by the most diverse and advanced engineering workforce in the nation. Even the smallest of these vessels required thousands of component parts, supplied by hundreds of different manufacturers. No level of detail was too small to be encompassed by Navy specifications and requirements. A key element of the Navy's shipbuilding program was the use of virtually unimaginable quantities of asbestos.

10. The Navy exercised its discretion in all aspects of its procurement of asbestos-containing products in its ships including with respect to written materials that accompanied those products. *Shuman v. United States*, 765 F.2d 283, 290 (1st Cir. 1985). The Navy's discretion encompassed not only technical matters related to the construction of ships and the components used in construction, but also to all aspect of health and safety associated with the construction and operation of its vessels. The Navy was and is one of the world's experts in the use of asbestos and in its dangers, and knew far more in this regard than Buffalo Pumps. Given the significance of asbestos as a strategic material and the Navy's awareness of its health effects, the Navy's discretion extended to all matters relating to its use. *See* Affidavit of Samuel A. Forman, M.D., ("Forman Affidavit") attached hereto as **Exhibit 6** and Kraft Affidavit (**Exhibit 5**).

11. In accordance with its policies and practices pertaining to the construction of its ship, and in the further exercise of its discretion, the Navy required Buffalo Pumps to conform to detailed, uniform specifications regarding every aspect of the product it supplied, from the type and amount of asbestos to be used in the pump's gasket, to the exact wording of any written

communications. The Navy would not have permitted Buffalo Pumps to alter those specifications to include asbestos warnings. *See* Horne Affidavit (**Exhibit 4**). Therefore, under *Boyle v. United States*, *supra*, and *Tate v. Boeing Helicopters*, *supra*, Buffalo Pumps has a colorable federal defense to plaintiff's claims.

12. There is a clear causal nexus between Buffalo Pumps' actions undertaken at the government's direction and the harm that plaintiff alleges, namely, asbestos-related disease. Simply put, every action that Buffalo Pumps undertook was at the direction of the Navy. Manufacturers were directed to follow the Navy's specifications, period. Therefore, the second requirement under *Mesa*, *supra*, of a nexus and *Mesa's* third requirement, that Buffalo Pumps was "acting under" the Navy, are both clearly shown.

## III. PROCEDURAL COMPLIANCE

13. Because Buffalo Pumps satisfies the requirements for removal under 28 U.S.C. § 1442(a), it is entitled to remove this entire action. Buffalo Pumps is not required to notify or obtain the consent or approval of any other defendant in this action in order to remove Plaintiff's action as a whole pursuant to 28 U.S.C. § 1442(a)(1). *See Ely Valley Mines, Inc. v. Hartford Accident Indemnity Co.,* 644 F.2d 1310, 1315 (9th Cir. 1981).

14. Buffalo Pumps hereby requests a full and fair opportunity to brief, respond, and argue against any Motion for Remand filed by Plaintiff.

**WHEREFORE**, Buffalo Pumps, Inc. hereby notices the removal of this action to this Court.

Respectfully submitted,

The Defendant,
BUFFALO PUMPS, INC.
By its counsel,

______________________________
Timothy J. Dodd, #3150
215 Broadway
Providence, RI 02903
(401) 272-3900

______________________________
David A. Goldman, #7097
Governo Law Firm LLC
260 Franklin Street
Boston, MA 02110
(617) 737-9045

DATED: May 7, 2008